***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Houser and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of Deputy Commissioner Houser.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT *Page 2 
1. Plaintiff, Mr. Sammy Morgan, a prison inmate incarcerated in the custody and control of Defendant North Carolina Department of Correction, initiated this civil action on 26 January 2009 by filing a Tort Claim Affidavit alleging that on 14 October 2008 medical personnel at Bertie Correctional Institution breached a duty of reasonable care owed to Plaintiff by failing to provide proper medical treatment for his right shoulder and arm.
2. Plaintiff further alleges that due to this alleged lack of proper medical care, he now has less mobility in his right shoulder and that his right arm "goes out" frequently.
3. Plaintiff names Correction Officer Manning in his claim and asserts that he sustained damages in the amount of $10,000.00.
4. Plaintiff did not assert in his pleading that the medical care provided to him had been reviewed by an individual reasonably expected to qualify as an expert witness under Rule 702 of the North Carolina Rules of Evidence and who would testify that the medical care provided Plaintiff did not comply with the applicable standard of care pursuant to N.C. Gen. Stat. § 90-21.12.
5. On 3 March 2009 Defendant filed its responsive pleading moving to dismiss plaintiff's claim on the grounds that plaintiff's failed to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers upon the Industrial Commission jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. See
N.C. Gen. Stat. § 143-291(a) *Page 3 
2. In order to prevail in a negligence action filed pursuant to the Tort Claims Act, a Plaintiff has the burden of proving, by a preponderance of the evidence, the elements of common law negligence: that the defendant, through an officer, employee, involuntary servant, or agent, breached a duty owed to the plaintiff, and that the plaintiff suffered an injury which was proximately caused by this breach of duty. Bolkhir v. N.C. StateUniv., 321 N.C. 706, 365 S.E.2d 898 (1988); Hairston v.Alexander Tank Equip. Co., 310 N.C. 227, 311 S.E.2d 559 (1984).
3. Plaintiff has failed to comply with the Rule 9(j) pleading requirement and pursuant to Rule 9(j) the complaint must be dismissed. Plaintiff has further failed to state a claim for negligence upon which relief could be granted and therefore his claim is subject to being dismissed with prejudice. N.C. Gen. Stat. § 143-291; N.C. Rules of Civil Procedure 9(j); 12(b)(1) and 12(b)(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. IT IS HEREBY ORDERED that Plaintiff's claim is DISMISSED WITH PREJUDICE.
2. Each side shall pay their own costs.
This the 18th day of March, 2010.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
 S/___________________ PAMELA T. YOUNG CHAIR